56 F.3d 1532
 312 U.S.App.D.C. 462
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Maurice J. RATIFF, Appellant.
 No. 93-3175.
 United States Court of Appeals, District of Columbia Circuit.
 May 22, 1995.
 
 Before: BUCKLEY, SENTELLE, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the conviction from which this appeal is taken be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 MEMORANDUM
 
 4
 Appellant Maurice J. Ratiff argues his conviction should be reversed because it is reasonably likely that the jury understood the trial court's jury instructions to allow conviction based upon a lower standard of proof than beyond a reasonable doubt. See Ratiff opening brief at 12-23. "In deciding whether jury instructions are erroneous, we always consider the whole instruction--not just the supposedly erroneous snippet." United States v. Whoie, 925 F.2d 1481, 1485 (D.C.Cir.1991). Viewed in that context, the statements made by the district court during the ancillary instruction concerning direct and circumstantial evidence were not erroneous. Moreover, the district court properly instructed the jury on the reasonable doubt standard for determining guilt.
 
 
 5
 In addition, the district court's admission of expert testimony on a matter arguably within the common knowledge of the average juror, if error, was harmless. The argument that admission of the testimony was prejudicial because the government used the testimony to bolster its fact witnesses by mirroring their version of events is unpersuasive. We find United States v. Castillo, 924 F.2d 1227, 1232 (2d Cir.1991), upon which appellant places heavy reliance, to be clearly distinguishable. Unlike Castillo, the direct examination of the government's drug expert in this case did not "mirror" the fact witnesses' version of events, and the government made a single passing reference to the expert's testimony during summation. Because there is ample evidence in the record to support appellant's conviction, it is unlikely that appellant was prejudiced by the government's passing reference to the expert's testimony.